IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| INMAN GEORGE EATON, Individually, and as Personal Representative of the Estate of Cynthia Eaton, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MEDLINK GEORGIA, INC., and substituted United States of America by and through United States of America, PAUL EDWARD RABER, M.D., Jointly and Severally, MYRA ANNETTE BOWIE, Jointly and Severally, and UNITED STATES OF AMERICA, substituted party for Medlink Georgia, Inc.,<br><br>Defendants. | *<br>*<br>*<br>*   CASE NO. 3:08-CV-83(CDL)<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

O R D E R

Presently before the Court is Defendant United States of America's Motion to Dismiss (Doc. 2) pursuant to Federal Rule of Civil Procedure 12(b)(1).  For the following reasons, Defendant's motion is granted, and Plaintiff's claims against the United States and Medlink Georgia, Inc. are dismissed for lack of jurisdiction. Having disposed of the alleged federal law claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendants Raber and Bowie.  Accordingly, this action is remanded to the Superior Court of Hart County for the resolution of those state law claims.

1

PROCEDURAL BACKGROUND

On September 26, 2008, Plaintiff Inman George Eaton, individually and as personal representative of the Estate of Cynthia Eaton, filed this present action against Defendants Medlink Georgia, Inc. ("Medlink"), Paul Edward Raber, M.D., and Myra Annette Bowie in the Superior Court of Hart County, Georgia.  Because Medlink was a recipient of federal funding, it was deemed a federal employee under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  (*See* Ex. 1 to Torres Decl., Aug. 12, 2008.)  Upon certification by the United States Attorney for the Middle District of Georgia that Medlink was acting witin the scope of its employment at the time of the incident (*see* Ex. C to Notice of Removal, Certification of Scope of Employment), Plaintiff's action was removed to this Court and the United States of America was substituted as Defendant for Medlink pursuant to 42 U.S.C. § 233(c).

Defendant United States now seeks dismissal of the claims originally asserted against Medlink based upon lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies under the FTCA.  Under 28 U.S.C. § 2675(a), Plaintiff was required to present an administrative claim to the Department of Health and Human Services ("HHS") before Plaintiff could proceed with

2

any action against the United States. HHS has no record of an administrative claim filed by Plaintiff.[1] (*See* Torres Decl. ¶ 4.)

## DISCUSSION

Based upon the present record, any claim Plaintiff has against Medlink must be brought against the United States pursuant to the FTCA. Under the doctrine of sovereign immunity, the United States may not be sued without its consent. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 141 (1972). The FTCA and its jurisdictional counterpart, 28 U.S.C. § 1346(b), provide the conditions under which the United States consents to suit for the torts of its employees acting within the scope and course of their employment. Specifically, 28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful acts or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of

---

[1] Plaintiff contends that he sent an administrative claim to HHS on June 30, 2008 by UPS and that it was received by HHS on July 2, 2008. (Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 2.) However, the administrative claim was sent to 220 Independence Ave., S.W., Washington, D.C. 20201 (*see* Exs. A-B to Pl.'s Resp. to Def.'s Mot. to Dismiss), whereas HHS's actual address is 330 Independence Ave., S.W., Washington, D.C., 20201, (Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss 2.)

3

>    the claimant any time thereafter, be deemed a final denial
>    of the claim for purposes of this section.

In other words, in order to maintain a lawsuit against the United States under the FTCA, Plaintiff was required to first present notice of his administrative claim to the appropriate federal agency, which in this case was HHS.[2] *See Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989) ("A federal court's power to adjudicate a claim brought against the United States depends solely on whether the claimant has previously complied with the minimal requirements of the statute."); *see also Tidd v. United States*, 786 F.2d 1565, 1567 (11th Cir. 1986). This requirement of exhausting administrative remedies is a jurisdictional prerequisite to the filing of an action under the FTCA and cannot be waived. *See Lykins v. Pointer Inc.*, 725 F.2d 645, 646 (11th Cir. 1984). Plaintiff bears the burden of proof with regard to proper and timely service of an administrative claim to HHS. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002). In this case, although Plaintiff contends that HHS received

---

[2] A claim is deemed to be presented when

> a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

his administrative claim on July 2, 2008, HHS has no record of an administrative tort claim filed by Plaintiff, individually or on behalf of Eaton.  (*See* Torres Decl. ¶ 4.)  Moreover, the present record indicates that the claim allegedly submitted by Plaintiff was mailed to the wrong address.  Based on the present record, the Court finds that Plaintiff has failed to submit a proper administrative claim as required by the FTCA.

The Court observes that even if HHS received the administrative claim on July 2, 2008, Plaintiff's present action must still be dismissed because it is premature.  "Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed."  *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (citing 28 U.S.C. § 2675(a)); *see also O'Brien v. United States*, 137 F. App'x 295, 301 (11th Cir. 2005) (per curiam) (recognizing that plaintiff's complaint was filed prematurely before administrative proceedings had concluded).  Here, Plaintiff contends that an administrative claim was properly received by HHS on July 2, 2008.  (See Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 2.)  Assuming *arguendo* that HHS received the administrative claim on July 2, 2008, HHS would have had six months from the receipt of the administrative claim to determine a formal disposition of the claim, which would have been January 2, 2009.  Because Plaintiff filed this action before January 2, 2009, Plaintiff prematurely proceeded with the

filing of this action and as such, the Court is without subject matter jurisdiction. *See Gregory v. Mitchell*, 634 F.2d 199, 204 n.2 (5th Cir. 1981)[3] ("The Court cannot hold the matter in abeyance pending prosecution of the administrative remedy, because where the Court does not have jurisdiction, it cannot retain jurisdiction.").

CONCLUSION

For the reasons explained above, Plaintiff was required to assert any claims against Medlink as claims against the United States. Since Plaintiff failed to exhaust his administrative remedies regarding his claim against Medlink and/or the United States, such claim must be dismissed for lack of subject matter jurisdiction. Accordingly, Defendant's Motion to Dismiss (Doc. 2) is granted, and the United States and Medlink are hereby dismissed from this action. Furthermore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the remaining Defendants, Raber and Bowie. Therefore, this action is remanded to the Superior Court of Hart County for the resolution of those claims.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

IT IS SO ORDERED, this 11th day of December, 2008.

                                                   S/Clay D. Land  
                                                        CLAY D. LAND  
                                    UNITED STATES DISTRICT JUDGE